**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| COACH, INC., <u>etc.</u>, <u>et</u> <u>al.</u>, | No. CV 09-0035-PSG (PLAx) |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' MOTION FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| ASIA PACIFIC TRADING COMPANY, INC., <u>etc.</u>, <u>et</u> <u>al.</u>, | |
| Defendants. | |

Plaintiffs in this action allege that defendants have infringed on plaintiffs' design pattern on sunglasses.  Plaintiffs served requests for production of documents on defendant Sunglass Experts (from whom plaintiffs' investigators purchased allegedly infringing sunglasses); Sunglass Experts refused to provide documents identifying the suppliers, manufacturers and/or sources of the allegedly infringing products, and asserted that since plaintiffs have stated that they seek the supplier or manufacturer information to pursue other lawsuits, certain documents would be provided only after entry of a protective order.  Sunglass Experts also contends that it already produced responsive (albeit redacted) documents on July 24, 2009[1], and that plaintiffs have not

---

[1]     Plaintiffs represent that these documents included invoices and shipment documents concerning the infringing products, but that the supplier and customer information was redacted. Supplemental Declaration of Cindy Chan, ¶¶ 2-3.

stated how that production is deficient.  This Motion to Compel followed.  The Court has concluded that oral argument will not be of material assistance in determining plaintiffs' Motion.  Accordingly, the hearing scheduled for September 1, 2009, is **ordered off calendar** (see Local Rule 7-15).

Sunglass Experts has asserted a number of objections to producing the requested documents.  The objection central to this Motion, however, is the relevance of the requested documents.  Under Fed.R.Civ.P. 26(b)(1), discovery is permitted of "any nonprivileged matter that is relevant to any party's claim or defense."  Federal Rule of Civil Procedure 26(b) is to be "liberally interpreted to permit wide-ranging discovery of information," even if that information is not ultimately admitted at trial.  See Comcast of Los Angeles, Inc. v. Top End International, Inc., 2003 WL 22251149, at *2 (C.D. Cal. July 2, 2003); see also Fed.R.Civ.P. 26(b)(1) ("[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").  The burden is on Sunglass Experts to show that discovery should not be allowed (Comcast, at *2, citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)); it is not up to Sunglass Experts to decide what plaintiffs need to prosecute this action.  The information sought by plaintiffs here -- information as to the manufacturers, sources and/or suppliers of the allegedly infringing products -- is relevant to plaintiffs' claims, and must be produced.  This discovery could lead to information about potential witnesses, as well as information about sales of the allegedly infringing goods, and possibly to Sunglass Experts' defense of waiver.  Indeed, even if the manufacturing of the goods occurred overseas, it is undisputed in this Motion that sales by Sunglass Experts of the allegedly infringing products were occurring in the United States.  Further, Sunglass Experts' argument that the time to add new defendants has passed and therefore information about their suppliers or manufacturers is irrelevant, fails.  It is not the role of the Court in this Motion to determine what evidence the District Judge will actually allow in at a trial in this case, or whether the District Judge will permit plaintiffs to add new defendants at a later date.  See, e.g., Colonial Life & Accident Insur. Co. v. Superior Court of Los Angeles County, 31 Cal.3d 785, 791, n. 8 (1982) (quoting Pacific Tel. & Tel. Co. v. Superior Court, 2 Cal.3d 161, 172-73 (1970) ("[Courts] may appropriately give the applicant [for discovery] substantial leeway, especially when the precise issues of the

litigation of the governing legal standards are not clearly established [citation]; a decision of relevance for purposes of discovery is in no sense a determination of relevance for purposes of trial.") (brackets in original)).

As for Sunglass Experts' objection that the requests demand production of confidential and/or protected documents without the protection of a protective order, the Court notes that it recently denied entry of a stipulated protective order, but advised the parties concerning changes that could be made to render a protective order acceptable.  To date, the parties have failed to submit a revised proposed order.  Sunglass Experts represents that it intended to disclose the redacted information upon entry of the protective order, and it anticipates that a revised order will be filed with the Court.  See Sunglass Experts' Supplemental Memorandum, at 3.  Nevertheless, plaintiffs now contend that Sunglass Experts has not explained or shown good cause why the requested documents should be treated as confidential and/or protected.  Sunglass Experts responds that plaintiffs are seeking this information to pursue separate actions against the suppliers and manufacturers, and that accordingly discovery of this information should be denied, or at a minimum subject to a protective order limiting use to this action.  Plaintiffs assert that "it is not improper to use information acquired through discovery to initiate a new lawsuit."  Plaintiffs' Supplemental Memorandum, at 3.  The Court disagrees with plaintiffs, as discovery of information for use in another action is not relevant to plaintiffs' "claim or defense" in this action.  The identities of Sunglass Experts' suppliers, manufacturers and sources, as well as the content of any agreements it has with those entities, is proprietary information that should qualify for protection.  While the Court will order production, it will be subject to an appropriate protective order limiting use to this action.  Accordingly, Sunglass Experts must produce responsive unredacted documents identifying its manufacturers and suppliers (Requests Nos. 8 and 9).

As for Request No. 18, seeking all Agreements with suppliers, vendors, and/or manufacturers for the purchase of the allegedly infringing product, plaintiffs assert that to date, only redacted invoices and shipment documents were provided, and no agreements with suppliers concerning the allegedly infringing products were produced. Chan Dec., ¶¶ 3-4. Sunglass Experts represents that it will produce the responsive purchase orders for the two products after the entry

of an enforceable protective order.  It says nothing of its agreements with suppliers and manufacturers.  The Court finds that **all** responsive documents must be produced, subject to a protective order.

The remaining objections are also rejected by the Court.  Sunglass Experts' objection that the requests are unduly burdensome lacks substantiation.  It is well-established that the burden is on the objecting party to show grounds for failing to provide the requested discovery.  See, e.g., Smith v. B & O Railroad Co., 473 F.Supp. 572, 585 (D. Md. 1979); Sherman Park Community Association v. Wauwatosa Realty, 486 F.Supp. 838, 845 (E.D. Wis. 1980); Laufman v. Oakley Building and Loan Co., 72 F.R.D. 116, 121 (S.D. Ohio 1976).  Sunglass Experts cannot simply invoke generalized objections; rather, with respect to plaintiffs' discovery requests, Sunglass Experts

> must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.

Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980) (citations omitted); Wirtz v. Capitol Air Service, Inc., 42 F.R.D. 641, 643 (D. Kan. 1967).  For a burdensomeness argument to be sufficiently specific to prevail, it must be based on affidavits or other evidence showing the exact nature of the burden.  Kansas-Nebraska Natural Gas v. Marathon Oil Co., 109 F.R.D. 12, 24 (D. Neb. 1983) (party objecting to production requests must specify why the requests are objectionable); Roesberg, 85 F.R.D. at 296-97.  Sunglass Experts' unsupported objections of burdensomeness are insufficient.

Next, while the Court recognizes that in some instances a discovery request may be so ambiguous as to not allow a response (see, e.g., Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 376 (S.D.N.Y. 1989)), such is not the case here.  Rather, the Court finds that the terms used by plaintiffs in the Requests at issue herein are not presented in a vague or ambiguous manner, and can readily be responded to using the common and ordinary meanings of those terms.  They do not involve matters of opinion, are not dependent on subjective standards of measurement, and provide a reasonably clear indication of the information being sought.

1      Further, to the extent Sunglass Experts complains that the requests seek documents

2  outside of their custody or control, they must respond based on information currently in their

3  possession, custody or control.  Property is within a party's possession, custody or control whether

4  the party has actual possession thereof, or the right to obtain the property on demand.  In re

5  Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995).  A party is not in control of documents when

6  the requesting party has an equal ability to obtain them from public sources.  See Estate of Young

7  v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991).

8

9                                          **CONCLUSION**

10      Plaintiffs' Motion is **granted** as set forth above.  **No later than September 8, 2009**,

11  defendant Sunglass Experts shall serve on plaintiffs all documents responsive to Requests Nos.

12  8, 9 and 18, without redaction.  To the extent Sunglass Experts desires that the ordered production

13  be made subject to a protective order limiting use of the documents to this action, a revised

14  proposed stipulated protective order shall be submitted to the Court **no later than September 1,**

15  **2009**.  The parties shall work together in a good faith effort to prepare and submit a proposed

16  protective order that incorporates the issues set forth in the Court's August 3, 2009, Memorandum

17  and Order.  To the extent the parties cannot fully agree on the terms of the protective order, each

18  party shall submit its own proposed protective order **no later than September 1, 2009**, along with

19  an explanation of the terms as to which the parties cannot come to agreement.  The Court will then

20  enter an order that will control this case.

21

22

23  DATED: August 25, 2009

24                                                       _____
                                                         PAUL L. ABRAMS
                                                         UNITED STATES MAGISTRATE JUDGE

25

26

27

28