1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   915 North Citrus Avenue
4  Hollywood, California 90038
   Telephone: (323) 464-7400
5  Facsimile: (323) 464-7410

6  *Attorneys for Plaintiffs*
   *Coach, Inc. and Coach Services, Inc.*

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  COACH, INC., a Maryland Corporation,    ) CASE NO. CV 09-0035 PSG (PLAx)
    COACH SERVICES, INC., a Maryland        )
12  Corporation.                            ) *PROTECTIVE ORDER*
                                            )
13                          Plaintiff,      )
                  vs.                       )            [DISCOVERY MATTER]
14                                          )
    ASIA PACIFIC TRADING COMPANY,           )
15  INC., a California Corporation; COMECO,  )
    LLC, a California Limited Liability     )
16  Company; MIRAGE EYEWEAR, INC., a        )
    California Corporation; DAVID HSU, an   )
17  individual; SUNGLASS EXPERTS, INC.,     )
    a California Corporation dba ANGEL      )
18  EYES; and DOES 1-10, inclusive,         )

19                          Defendants.

20  **I.    DEFINITIONS**

21        1.    As used in this Protective Order,

22              a.    "Designating Party" means any Person who designates Material as

23  Confidential Material.

24              b.    "Discovering Counsel" means counsel of record for a Discovering

25  Party.

26              c.    "Discovering Party" means the Party to whom Material is being

27  Provided by a Producing Party.

28

1        d.     "Confidential Material" means any material designated as

2  CONFIDENTIAL or where appropriate, ATTORNEYS' EYES ONLY, in accordance

3  with the terms of this Protective Order.

4        e.     "Material" means any document, testimony or information in any

5  form or medium whatsoever, including, without limitation, any written or printed

6  matter, Provided in this action by a Party before or after the date of this Protective

7  Order.

8        f.     "Party" means the Parties to this action.

9        g.     "Person" means any individual, corporation, partnership,

10  unincorporated association, governmental agency, or other business or governmental

11  entity whether a Party or not.

12        h.     "Producing Party" means any Person who Provides Material during

13  the course of this action.

14        i.     "Provide" means to produce any Material, whether pursuant to

15  request or process.

16  **II.  <u>CONFIDENTIAL DESIGNATION</u>**

17     2.     A Producing Party may designate as "CONFIDENTIAL" any material

18  provided to a Party which contains or discloses any of the following:

19        a.     Non-public personal information, confidential commercial

20  information, trade secrets, including a formula, pattern, compilation, program, device,

21  method, technique, or process, that derives independent economic value, actual or

22  potential, from not being generally known to the public or to other persons who can

23  obtain economic value from its disclosure or use, and is the subject of efforts that are

24  reasonable under the circumstances to maintain its secrecy, and other confidential or

25  sensitive information which the Producing Party determines in good faith has a similar

26  degree of confidentiality and value to the Producing Party; and

27        b.     Information that the Party is under a duty to preserve as

28  confidential under an agreement with or other obligation to another Person.

1            c.      The Producing Party may designate as "ATTORNEYS' EYES

2   ONLY," documents Parties contend contain or disclose materials which they in good

3   faith believe to be of an extremely high degree of current commercial sensitivity and/or

4   would provide a competitive advantage to its competitors if disclosed.

5            3.      A Producing Party shall stamp as CONFIDENTIAL or ATTORNEYS'

6   EYES ONLY Materials which the Producing Party in good faith believes are entitled

7   to protection pursuant to the standards set forth in Paragraph 2 of this Order. A

8   Producing Party may designate Confidential Material for Protection under this order by

9   either of the following methods:

10            a.      By physically marking it with the following inscription prior to

11   Providing it to a Party:

12                 CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

13                           or

14       ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER

15            b.      By identifying with specificity in writing to the Discovering Party

16   any previously Provided Material which was not designated as Confidential Material

17   prior to its having been Provided. For purposes of this method of designation, it will be

18   a sufficiently specific identification to refer to the bates numbers or deposition page

19   numbers of previously Provided Material. Where a Producing Party designates

20   previously Provided Material as Confidential Material pursuant to this subparagraph,

21   the Producing Party will follow the procedures set forth in the previous subparagraph

22   for designating Confidential Material, and Provide to the Discovering Party additional

23   copies of the previously Provided Material marked with the inscription described in the

24   previous subparagraph. Upon receipt of the additional copies which comply with the

25   procedures set forth in the previous subparagraph, the Discovering Party will

26   immediately return to the Producing Party the previously Provided Material, or

27   alternatively, will destroy all the previously Provided Material, at the option of the

28   Producing Party. For previously Provided Material which was not designated as

Confidential Material at the time of its being Provided, this Protective Order shall apply to such materials beginning on the date that the Producing Party makes such designation.

The designation of documents as "Confidential" or "Attorneys' Eyes Only" does not entitle the parties to have those documents filed under seal. An application, including a stipulated application to file documents under seal, must comply with Local Rule 79-5.

## III.  RESTRICTION ON USE OF CONFIDENTIAL MATERIAL

4.     Confidential Material designated as CONFIDENTIAL shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 7 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order. Confidential Material designated as ATTORNEYS' EYES ONLY shall not be disclosed, nor shall its contents be disclosed to any person other than those described in Paragraph 8 of this Protective Order.

5.     Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in Paragraphs 7 or 8 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

6.     All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to persons authorized pursuant to Paragraphs 7 or 8 of this Protective Order.  In no event shall any Confidential Material be stored, electronically or otherwise, at the premises of any Discovering Party.  This includes computer hard drives and servers.  This provision is not intended to prevent Discovering Counsel from communicating with in-house counsel by electronic mail, including sending Confidential Material designated as CONFIDENTIAL to Inside

Counsel by electronic mail, provided such electronic mail (or other electronic data) is not cached on any equipment owed or controlled by a party.

7. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL, and the contents of Material designated as CONFIDENTIAL, only to the following persons:

a. Counsel of record working on this action on behalf of any party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff.

b. In-house counsel who is not a competitive decisionmaker. Prior to disclosing contents of Confidential Material to in-house counsel of a Discovering Party, Discovering Counsel must disclose the name, title, and job responsibilities of said in-house counsel to the Producing Party in order to allow the Producing Party sufficient time and a reasonable opportunity to object to said in-house counsel and file a motion under Local Rule 37 before any such disclosure can be made to said in-house counsel.

c. Court and deposition reporters and their staff.

d. The Court and any Person employed by the Court whose duties require access to Material designated as CONFIDENTIAL.

f. Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action.

h. Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

i. Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

j. Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified

[PROPOSED] PROTECTIVE ORDER

on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

k.     Any Person who the Parties agree in writing may receive Material designated as CONFIDENTIAL.

The Parties shall make a good faith effort to limit dissemination of Material designated as CONFIDENTIAL within these categories to Persons who have a reasonable need for access thereto.

8.     For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, the Discovering Counsel may disclose Material designated as ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to the following persons:

a.     Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretarial, and clerical staff.

b.     Court and deposition reporters and their staff.

c.     The Court and any person employed by the Court whose duties require access to Material designated as ATTORNEYS' EYES ONLY.

e.     Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action.

f.     Any Person identified on the face of any such Material designated as ATTORNEYS' EYES ONLY as an author or recipient thereof; and

g.     Any Person who is determined to have been an author and/or previous recipient of the Material designated as ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as ATTORNEYS' EYES ONLY by such Person; and

[PROPOSED] PROTECTIVE ORDER

h.      Any Person who the Parties agree in writing may receive Material designated as ATTORNEYS' EYES ONLY.

**IV.  UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER**

9.      Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 7(f), or 8(e) above, the Person to whom disclosure is to be made shall receive a copy of this Protective Order, shall read Paragraphs 1, 4, 5, 6, 7, 8, 9 and 10 (including the subparagraphs where applicable) of the Protective Order, shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 7(f), or 8(e) to whom Discovering Counsel discloses Confidential Material.  A copy of the signed Undertaking shall be served on all Producing Parties in this action, and before Discovering Counsel may not disclose Confidential Material to the Person who signed the Undertaking until ten days after such service in order to allow a Producing Party the opportunity to conduct a meet and confer with the Discovering Party under Local Rule 37-1 and seek further protection from the Court under Local Rule 37.  If the Parties want to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

10.      The individuals designated in subparagraph 8(a) above, are specifically prohibited from publishing, releasing, or otherwise disclosing Material designated as ATTORNEYS' EYES ONLY, or the contents thereof, to any persons not authorized under this Protective Order to receive such information. The designated individuals in subparagraph 8(a) shall retain all ATTORNEYS' EYES ONLY material in a secure

[PROPOSED] PROTECTIVE ORDER

manner under separate and confidential file, so as to avoid inadvertent access by, or disclosure to, unauthorized persons. In no event shall any Confidential Material be stored, electronically or otherwise, at the premises of any Discovering Party.  This includes computer hard drives and servers.

## V.   **DEPOSITIONS**

11.   Those portions of depositions taken by any Party at which any Material designated as CONFIDENTIAL is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 7 of this Protective Order to view such Confidential Material. During those portions of depositions in which Material designated ATTORNEYS' EYES ONLY is used or inquired into, only those persons authorized under Paragraph 8 to view such Materials may be present.

12.   Counsel for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material. Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential Material. Failure of counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within thirty calendar days of receipt of the transcript of the deposition, or thirty days of the date on which this Protective Order becomes effective, whichever occurs last, counsel shall be entitled to designate specific testimony or exhibits as Confidential Material. If counsel for the deponent or Party fails to designate the transcript or exhibits as Confidential Material within the above-described thirty day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material. For purposes of this Paragraph 12, this Protective Order shall be deemed "effective" on the date on which it has been executed by all counsel for the Parties.

[PROPOSED] PROTECTIVE ORDER

13.     When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Paragraph 3 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

## VI.   USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS

14.     The designation of documents as "Confidential" or "Attorneys' Eyes Only" does not entitle a Party to have those documents filed under seal, and an application, including a stipulated application to file documents under seal, must comply with Local Rule 79-5.

## VII. OBJECTIONS TO DESIGNATION

15.     Any Party may at any time notify the Designating Party in writing of its contention that specified Material designated as Confidential Material is not properly so designated because such Material does not warrant protection under applicable law. The Designating Party shall meet and confer under Local Rule 37-1 in good faith with the Party challenging the designation in an attempt to resolve such dispute. The Designating Party may later file a motion under Local Rule 37 to uphold the designation of the material in question. Pending resolution of any such motion, all Persons bound by this Protective Order shall continue to treat the Material which is the subject of the motion as Confidential Material. If the Parties want to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation to

[PROPOSED] PROTECTIVE ORDER

that effect or the moving party may file an ex parte application making the appropriate request. The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

16.    Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Protective Order shall be brought in compliance with Local Rule 37 and a proposed stipulated protective order should so provide.

## VIII.  **RETURN OF MATERIAL**

17.    Within ninety (90) calendar days after the final settlement or termination of this action, Discovering Counsel shall return or destroy (at the option and expense of Discovering Counsel) all Materials provided by a Producing Party and all copies thereof except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product, and except to the extent that such Material has been filed with a court in which proceedings related to this action are being conducted. In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this action, counsel for each Party shall store in a secure area all work product which embodies Confidential Material together with all of the signed undertakings they are required to preserve pursuant to Paragraph 9 above, and shall not make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown. The obligation of this Protective Order shall survive the termination of this action. This obligation, however, would be obviated should Discovering Counsel destroy such retained work product and signed undertakings.  To the extent that Confidential Materials are or become known to the public through no fault of the Discovering Party, such Confidential Materials shall no longer be subject to the terms of this Protective Order. Upon request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

## IX.  <u>SCOPE OF THIS ORDER</u>

18.    Not later than ten days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

19.    Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

20.    Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

21.    This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

22.    This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

23.    The restrictions set out in the Protective Order shall not apply to any Material which:

a.    At the time it is Provided is available to the public;

1          b.    After it is Provided, becomes available to the public through no act,

2    or failure to act, of the Discovering Party; or

3          c.    The Discovering Party can show

4            i.    Was already known to the Discovering Party independently

5    of receipt of the Confidential Material in this or prior litigation; or

6            ii.    Was received by the Discovering Party, after the time it was

7    designated as Confidential Material hereunder, from a third party having the

8    unrestricted right to make such disclosure.

9        24.    If at any time any Material protected by this Protective Order is

10   subpoenaed from the Discovering Party by any Court, administrative or legislative

11   body, or is requested by any other Person or entity purporting to have authority to

12   require the production of such material, the Party to whom the subpoena or other

13   request is directed shall immediately give written notice thereof to the Producing Party

14   with respect to Confidential Material sought and shall afford the Producing Party

15   reasonable opportunity to pursue formal objections to such disclosures. If the

16   Producing Party does not prevail on its objections to such disclosure, the Discovering

17   Party may produce the Confidential Material without violating this Protective Order.

18   **X.   SUBMISSION TO COURT**

19       25.    The Parties agree to submit this Protective Order to the Court for adoption

20   as an order of the Court. The Parties reserve the right to seek, upon good cause,

21   modification of this Protective Order by the Court.

22

23   IT IS SO ORDERED.

24

25   DATE:      August 30, 2009

26                                 Honorable Paul L. Abrams
                                   **United States Magistrate Judge**

27

28

[PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Coach, Inc. v. Asia Pacific Trading Company, Inc.*, No. CV 09-0035 PSG (PLAx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:          _____, 2009

City and State where sworn and signed:          _____

Signed:      _____          _____
                    [Print Name]                          [Signature]

**[PROPOSED] PROTECTIVE ORDER**