O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#62/90/94
CIVIL MINUTES - GENERAL

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING in part and DENYING in part Plaintiffs' Motion for Summary Adjudication regarding Defendant Sunglass Experts' liability, GRANTING Defendant Sunglass Experts' Motion for Summary Judgment regarding compensatory damages, and GRANTING Defendant Mirage's and Defendant David Hsu's Motion for Summary Judgment regarding liability**

    Before the Court are Plaintiffs' Motion for Summary Adjudication Re Plaintiffs' Trademark Infringement Claim Against Defendant Sunglass Experts, Inc.; Defendant Sunglass Experts, Inc.'s Motion for Summary Judgment Regarding Compensatory Damages; and, Defendant Mirage Eyewear, Inc.'s and Defendant David Hsu's Motion for Summary Judgment of No Liability. These matters came on for hearing on November 2, 2009. After considering the moving and opposing papers, as well as oral argument, the Court GRANTS in part and DENIES in part Plaintiffs' motion, GRANTS Defendant Sunglass Experts, Inc.'s motion, and GRANTS Defendant Mirage Eyewear, Inc.'s and Defendant David Hsu's motion.

I.    <u>Factual Background</u>

    Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Coach" or "Plaintiffs") are in the business of manufacturing and marketing a variety of products, including handbags, watches, footwear, eyewear, and other personal accessories. *Plaintiff's Statement of*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**#62/90/94**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

*Uncontroverted Facts and Conclusions of Law ("UF")* ¶ 1.[1] Coach owns and uses a number of trademarks in connection with these products, including a mark it calls the "CC Design." *Id.* at ¶¶ 2-3. Coach has used the "CC Design" mark in connection with the sale of its products since 2001, and first registered the mark with the United States Patent and Trademark Office in 2002. *Id.* The "CC Design" mark is registered to be used on a wide range of products, but at issue in this case is the mark's appearance on sunglasses. *See id.* at ¶¶ 4-12.

Defendant Sunglass Experts, Inc. ("Sunglass Experts") is a California-based company in the business of distributing eyewear, including sunglasses, at wholesale to retailers. *Id.* at ¶ 21. Sunglass Experts does not sell any designer-branded eyewear, only eyewear made to look like designer eyewear. *Id.* at ¶ 24. Sunglass Experts obtains many of its products overseas. *Id.* at ¶ 22. Plaintiffs allege that in 2008 they discovered that Sunglass Experts was importing, promoting and selling sunglasses that bore exact reproductions of Coach's "CC Design" mark. *See FAC* ¶ 24.

What led to this discovery, according to Plaintiffs, was an article concerning the 2007 Hong Kong Optical Fair. *See Opp. to Defendant Mirage's and Defendant David Hsu's Motion for Summary Judgment* 2:8-25. That article mentioned that a company called Mirage Eyewear, Inc. ("Mirage") was participating in the fair. *See id.* Alongside its discussion of Mirage, the article displayed a photograph of sunglasses bearing what appeared to be Plaintiffs' "CC Design" mark. *See id.* Based on this article, Plaintiffs decided to investigate Mirage. *See id.* As a result of that investigation, Plaintiffs' suspicions also settled on Sunglass Experts, with whom Mirage shared a business location. *See id.* Plaintiffs claim to have eventually purchased several dozen pair of infringing sunglasses from Sunglass Experts. *See id.* at 2:26-3:16.

Consequently, Plaintiffs filed suit on January 5, 2009 against Asia Pacific Trading Company, Inc., Comeco, LLC, Mirage, Mirage President David Hsu, and Sunglass Experts.[2]

---

[1] Throughout this Factual Background, citations refer to documents submitted in support of or in opposition to Plaintiff's Motion for Summary Adjudication, unless otherwise indicated. Citations in the sections that follow refer to those documents submitted in support of or in opposition to the motion under consideration in that section.

[2] Defendant Asia Pacific Trading Company, Inc. was voluntarily dismissed from the action on September 10, 2009. *See* Dkt. # 69. Defendant Comeco, LLC was voluntarily

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### #62/90/94
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

The First Amended Complaint asserts claims for 1) Trademark Infringement under 15 U.S.C. § 1114, 2) False Designations of Origin and False Descriptions under 15 U.S.C. § 1125(a), 3) Trademark Dilution under 15 U.S.C. § 1125(c), 4) Common Law Unfair Competition, and 5) Trademark Dilution Under California Law (Cal. Bus. & Prof. Code § 14247).

On September 9, 2009, Plaintiffs filed a Motion for Summary Adjudication Re Plaintiffs' Trademark Infringement Claim Against Defendant Sunglass Experts, Inc. ("Plaintiffs' Motion for Summary Adjudication" or "Plaintiffs' Motion"). On September 22, 2009, Defendant Sunglass Experts filed a Motion for Summary Judgment Regarding Compensatory Damages ("Sunglass Experts' Motion for Summary Judgment" or "Sunglass Experts' Motion"). Finally, on September 22, 2009, Defendants Mirage and David Hsu jointly filed a Motion for Summary Judgment of No Liability ("Mirage's and Hsu's Motion for Summary Judgment" or "Mirage's and Hsu's Motion"). All of these motions are opposed, and all are taken up by the Court at this time.

II.     Legal Standard

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, and "may not rest upon mere allegations or denials of his pleading." *See id.* at 248, 257 (citations omitted) .

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson,* 477 U.S. at 248, 250-51.

---

dismissed on July 27, 2009.  *See* Dkt. # 46.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**#62/90/94**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue. *See* Fed. R. Civ. P. 56(e).

III.  Discussion

  A.  Plaintiffs' Motion for Summary Adjudication

Plaintiffs' Motion for Summary Adjudication seeks summary judgment against Defendant Sunglass Experts on the issue of liability on Plaintiffs' trademark infringement claim. *Motion* 1:25-28. Specifically, Plaintiffs seek a determination that four products promoted and sold by Sunglass Experts infringe Plaintiffs' "CC Design" trademark. *See id.* at 3:19-24. Those products are sunglasses that bear, respectively, item numbers A8016CC-AG ("8016CC"), A2733CC-AG ("2733CC"), A2642CG-AG ("2642CG"), and A2692CG-AG ("2692CG") (collectively, "the accused products"). *Id.* Plaintiffs contend that all of the accused products are "counterfeit" goods that bear exact reproductions of Plaintiffs' "CC Design" mark, *id.*, and that Defendant is therefore liable for trademark infringement based on its promotion and sale of the accused products.

Defendant, for its part, concedes infringement liability for its promotion and sale of items 8016CC and 2733CC, which Defendant refers to as its "CC" products. *See Opp.* 1:7-9. Defendant contends, however, that items 2642CG and 2692CG, which Defendant refers to as its "CG" products, do not bear the same, infringing mark as its "CC" products. *See id.* at 5:8-25. Thus, the Court need only take up the question of whether Plaintiffs have carried their burden of establishing that Defendant's "CG" products infringe Plaintiffs' "CC Design" trademark.

To succeed on a trademark infringement claim, a plaintiff must establish that 1) it has a valid, protectable trademark and 2) the defendant subsequently and without authorization used a similar mark likely to cause consumer confusion, deception, or mistake. *Brookfield Communications v. West Coast Entertainment,* 174 F.3d 1036, 1046 (9th Cir. 1999). In considering the second requirement, often referred to as the "likelihood of confusion" requirement, courts in the Ninth Circuit weigh the following eight factors: 1) the strength of the mark, 2) the proximity or relatedness of the goods, 3) the similarity of the marks, 4) evidence of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#62/90/94
CIVIL MINUTES - GENERAL

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

actual confusion, 5) the marketing channels used, 6) the type of goods and the degree of care likely to be exercised by the purchaser, 7) the defendant's intent in selecting the mark, and 8) the likelihood of expansion of product lines. *See AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348-49 (9th Cir. 1979).

Here, Sunglass Experts does not dispute that Plaintiffs have a valid, protectable trademark in their "CC Design" mark. *See Defendant's Statement of Genuine Issues of Material Fact ("SGI")* ¶ 14. The crucial question, then, is whether Plaintiffs have sufficiently demonstrated a likelihood of confusion with respect to Sunglass Experts' "CG" products.

Plaintiffs' principal argument is that, in this case, consideration of the eight *Sleekcraft* factors is unnecessary to establish likelihood of confusion. According to Plaintiffs, Defendant's "CG" products, like its "CC" products, bear exact reproductions of Plaintiffs' "CC Design" mark, and are therefore considered "counterfeit" under the Lanham Act. *See Motion* 6:17-8:24. Plaintiffs contend that when accused goods are "counterfeit," a likelihood of consumer confusion is presumed, and a court need not proceed to weigh the eight *Sleekcraft* factors. *See id.* at 6:17-7:13 (citing, among other cases, *Phillip Morris U.S.A. Inc. v. Shalabi,* 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004)).

To support their contention that Sunglass Experts' "CG" products bear the exact same marks as its "CC" products—and, thus, a mark that Defendant concedes infringes Plaintiffs' "CC Design" mark—Plaintiffs point to the deposition testimony of Lisa Hsu, Sunglass Experts' sales manager. *See Reply* 2:5-3:10. During her deposition, Ms. Hsu was shown a page from Sunglass Experts' 2009 product catalogue, on which there were images of the accused "CG" products, i.e., items 2642CG and 2692CG. *See Chan. Decl.,* Ex. 1 at 29:1-4. Beside the images of those items were illustrations that supposedly magnified the markings on the sunglasses. *See id.* Ms. Hsu was asked whether the markings in those magnified illustrations were the same as markings that appeared in magnified illustrations next to images of the accused "CC" products—i.e., items 8016CC and 2733CC—as they appeared on a separately identified page from another Sunglass Experts catalogue. *See id.* at 28:18-29:19. Ms. Hsu replied: "Yes, they are. They look like the same to me." *See id.* at 28:20-29:21. This testimony, according to Plaintiffs, establishes that the markings on Defendant's "CG" products is identical to the markings on its "CC" products, which Plaintiffs claim is identical to their own "CC Design" mark.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**#62/90/94**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

     Defendant, however, points out that Ms. Hsu never testified that the markings in the illustrations she was shown at her deposition were in fact the same markings used on the actual products. *Opp.* 5:18. Indeed, Defendant has submitted a declaration from Ms. Hsu in which she states that "[t]he drawings in the [illustrations] are *not* true representations of the markings actually used on the various products." *Lisa Hsu Decl.* ¶ 4 (emphasis added). Ms. Hsu goes on to state that Sunglass Experts' "CC" products bear a different marking than the one on its "CG" products, which, according to her, is reflected in their model names. *See id.* at ¶ 5. Specifically, the marking on the "CC" products uses a combination of the letters "CC," while the marking on the "CG" products uses a combination of the letters "CG." *Id.*

     Based on the evidence before it, the Court finds that Defendant has raised a genuine issue of material fact as to whether Defendant's "CG" products bear the exact same marking as its "CC" products. While it may have seemed reasonable enough to Plaintiffs under the circumstances of Ms. Hsu's deposition to assume that the markings in the illustrations alongside the items in Defendant's catalogue were the same markings used on Defendant's actual products, the Court cannot now make that assumption, as the only evidence before the Court on that issue indicates that the two are different.

     To be sure, Plaintiffs contend that, even if they are not entitled to a presumption of likelihood of confusion based on a determination that Defendant's "CG" products are "counterfeit," they can nevertheless satisfy the likelihood of confusion requirement under the traditional *Sleekcraft* balancing test. Thus, the Court proceeds to consider the eight *Sleekcraft* factors.

     Defendant concedes that, because its accused "CG" products are sunglasses, consideration of the "relatedness of the goods" at issue and the "likelihood of expansion of product lines" favors Plaintiff. *Opp.* 5:4-5, 8:23-24. The biggest problem for Plaintiffs, however, is the near absence of evidence before the Court with respect to the "similarity of the marks." As discussed above, the only evidence of how Defendant's "CG" products actually look is Ms. Hsu's testimony that the marking on them uses a combination of the letters "C" and "G." *Lisa Hsu Decl.* ¶ 5. There is no evidence, however, of how those letters are combined or how that combination is displayed on Defendant's sunglasses. And as the leading treatise on trademark law notes, "For similar design or letter marks, *similarity of appearance* is usually controlling, for such marks are incapable of being pronounced or of conveying any inherent meaning, as do word marks." *McCarthy on Trademarks and Unfair Competition* § 23:33 (4th

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#62/90/94
CIVIL MINUTES - GENERAL

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

ed. 2009) (emphasis added); *see also Textron Inc. v. Maquinas Agricolas "Jacto" S.A.,* 215 U.S.P.Q. 162, 163 (TTAB 1982) (observing that in cases involving highly stylized letter marks "similarity of appearance is usually controlling and the decision [regarding likelihood of confusion] will turn primarily on the basis of the visual similarity of the marks"). Moreover, presented with so little evidence regarding the appearance of the mark on Defendant's "CG" products, the Court is reluctant to attempt to divine Defendant's "intent in selecting [that] mark." The Court also notes that Plaintiff has submitted no evidence of any "actual confusion."

Thus, even assuming that consideration of the remaining *Sleekcraft* factors—namely, "the strength of the mark," "the marketing channels used," and the "degree of care likely to be exercised by purchasers"—weighs in Plaintiffs favor, the Court simply cannot say that Plaintiff has carried its burden of showing that there is no genuine issue of material fact with respect to whether Defendant's "CG" products are confusingly similar to Plaintiffs' "CC Design" products.

For the foregoing reasons, then, the Court grants Plaintiffs' Motion for Summary Adjudication on the issue of liability against Defendant Sunglass Experts with respect to Sunglass Experts' "CC" products, but denies the Motion with respect to Sunglass Experts' "CG" products.

  B. <u>Defendant Sunglass Experts' Motion for Summary Judgment on Compensatory Damages</u>

In its Motion for Summary Judgment, Defendant Sunglass Experts seeks a determination that it is liable for no more than $5,183 in compensatory damages based on the sale and promotion of its "CC" products. Specifically, Defendant contends that Plaintiffs are not entitled to any damages—whether profits, actual damages, or statutory damages—on their Lanham Act claims, and are only entitled to Sunglass Experts' net profits from the "CC" products—which Defendant claims amount to $5,183—on their remaining common law and California state law claims. The Court will take up Defendant's contentions first with respect to Plaintiffs' Lanham Act claims, then with respect to Plaintiffs' remaining claims.

    1. <u>Plaintiffs' Lanham Act Claims</u>

Sunglass Experts contends that no damages whatsoever are available on Plaintiffs' Lanham Act claims based on the promotion and sale of Defendant's "CC" products. Defendant

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**#62/90/94**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

begins by noting that 15 U.S.C. § 1111 provides that "in any suit for infringement" under the Lanham Act by a registrant who fails to give constructive notice of registration—i.e., a registrant who fails to include as part of its mark the letter R enclosed within a circle, thus ®—"no profits and no damages shall be recovered under the provisions of this Act unless the defendant had actual notice of the registration." *Motion* 3:9-15 (quoting 15 U.S.C. § 1111). Thus, according to Defendant, where a plaintiff fails to use constructive notice of registration, its recovery of profits and damages for infringement under the Lanham Act is limited to an accounting period beginning after the defendant received actual notice of the plaintiff's registration, which in some cases might very well be when the defendant received notice of the charge of infringement. *See Motion* 3:16-21 (citing *Howard Stores Corp. v. Howard Clothing, Inc.,* 311 F. Supp. 704, 705 (N.D. Ga. 1970)).

Defendant then points out that, according to the express provision of 15 U.S.C. § 1117(a), § 1111's "actual notice requirement" also applies to suits seeking profits or actual damages for claims of false designation or false description under 15 U.S.C. 1125(a) and for claims of dilution under 15 U.S.C. 1125(c). *See* 15 U.S.C. § 1117(a) ("When . . . a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title,[3] shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provision of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.").

In this case, Defendant contends, Plaintiffs did not give constructive notice of their registration, so the accounting period for recovery of profits and damages began when Defendant received actual notice of Plaintiffs' registration, which Defendant claims was when it received service of Plaintiffs' complaint on January 16, 2009. *Motion* 7:4-8. Defendant claims that it did not sell its accused "CC" products after it received service of the complaint. *Id.* at 7:10-11. Thus, Defendant argues that it cannot be liable on Plaintiffs' Lanham Act claims for any profits in connection with the accused "CC" products. *Id.* at 7:11-13. Nor, according to Defendant, have Plaintiffs presented sufficient evidence to establish that they suffered any actual damages from the date they served the complaint. *Id.* at 9:21-26. Therefore, Defendant argues, Plaintiffs

---

[3] A "willful" violation is the only sort giving rise to monetary remedies under 15 U.S.C. § 1125(c). *See* 15 U.S.C. § 1125(c)(5).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#62/90/94
CIVIL MINUTES - GENERAL

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

are not entitled to recover any profits or actual damages on their Lanham Act claims with respect to Defendant's "CC" products. *Id.* at 7:11-13.

Moreover, Defendant contends that Plaintiffs are also precluded from recovering statutory damages in connection with Defendant's "CC" products. 15 U.S.C. § 1117(c) provides for the recovery of statutory damages in cases involving the use of a "counterfeit mark." *See* 15 U.S.C. § 1117(c). Defendant, however, argues that Plaintiffs cannot recover under 15 U.S.C. § 1117(c) for two reasons.

First, Defendant argues that the "actual notice requirement" set forth in 15 U.S.C. § 1111 applies equally to § 1117(c), so that Plaintiffs' recovery of statutory damages under § 1117(c) is precluded for the same reasons that their recovery of profits and damages is precluded—to wit, Defendant engaged in no offending conduct after it received actual notice of Plaintiffs' registration. *See Motion* 5:6-7:2. Second, Defendant contends that even if § 1111's "actual notice requirement" does not apply to § 1117(c), statutory damages under § 1117(c) are not available to Plaintiffs because Defendant's "CC" products do not use a "counterfeit mark" as that term is defined by § 1117(c). *See id.* at 7:16-8:26. Defendant notes that § 1117(c) expressly borrows its definition of "counterfeit mark" from § 1116(d), which, in relevant part, limits the concept of a "counterfeit mark" to "a counterfeit of a mark that is registered . . . *for such goods or services sold, offered for sale, or distributed*" by the defendant. *See* 15 U.S.C. § 1116(d)(1)(B)(i) (emphasis added). Defendant contends that the mark on its "CC" products does not meet this definition of "counterfeit mark" because Plaintiffs' "CC Design" mark was not registered for use on sunglasses. *See Motion* 8:3-26.[4] As a result, Defendant argues, statutory damages for the alleged use of a counterfeit mark, as provided for under 15 U.S.C. § 1117(c), are

---

[4] Plaintiffs did in fact have a registration for their "CC Design" mark—namely, Reg. No. 2,832,589 (the "'589 registration")—that covered use on "sunglasses and eyeglass cases." *See Plaintiffs' SGI* ¶ 7; *Juo Decl.,* Ex A. Defendant persuasively argues that the words "sunglasses and eyeglass" should be understood here as describing the kinds of "cases" covered, and that sunglasses, as separate products, were not covered by the '589 registration. *See Motion* 8:3-22. Despite ample opportunity, Plaintiffs have not attempted to counter those arguments and, in fact, nowhere contend that their '589 registration covered sunglasses. The Court, therefore, reads the language at issue in the manner urged by Defendant.

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### #62/90/94
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

not available to Plaintiffs. This would mean, in sum, that Plaintiffs are not entitled to any form of damages on their Lanham Act claims.

The Court is able to identify four arguments from Plaintiffs in response to the contention that they are not entitled to any damages on their Lanham Act claims. First, Plaintiffs argue that statutory damages under 15 U.S.C. § 1117(c) are in fact available to them because, contrary to Defendant's interpretation of that provision, no "actual notice requirement" applies to that provision. *See Opp.* 7:21-8:18. In support of their position, Plaintiffs quote from *McCarthy on Trademarks*:

> [15 U.S.C. § 1116(b)(1)(B)] states that if the accused mark otherwise meets the definition, it is a counterfeit mark 'whether or not the person against whom relief is sought knew such mark was so registered.' It has been held that this phrase controls over [15 U.S.C. § 1111's] requirement of statutory notice for the recovery of 'damages.' Thus, damages, including statutory damages, can be recovered for counterfeiting even if the registered mark's owner did not comply with the notice requirements of [15 U.S.C. § 1111]."

*Opp.* 7:21-27 (quoting *McCarthy on Trademarks, supra,* § 19:144).

Plaintiffs' response, however, ignores Defendant's claim that even if no "actual notice requirement" applies to recovery of statutory damages for use of counterfeit marks under § 1117(c), Defendant's "CC" products do not bear marks that meet § 1117(c)'s definition of "counterfeit mark" (i.e., the definition that § 1117(c) expressly imports from § 1116(d)). In fact, Plaintiffs' dodge is made more conspicuous by the passage they have chosen to quote from *McCarthy on Trademarks*, since that passage introduces its point with an important qualification: "if the accused mark *otherwise meets the definition*, it is a counterfeit mark 'whether or not the person against whom relief is sought knew such mark was so registered.'" *See McCarthy on Trademarks, supra,* § 19:144 (emphasis added). The evidence before the Court indicates that Plaintiffs' "CC Design" mark was not registered for use on sunglasses, and Plaintiffs do not contend otherwise. Accordingly, the mark used by Defendant on its "CC" products does not qualify as a "counterfeit mark" under § 1117(c)'s provision for statutory damages. Plaintiffs, therefore, are not entitled to statutory damages under the Lanham Act in connection with Defendant's "CC" products.

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### #62/90/94
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

Plaintiffs' second argument is that, even if 15 U.S.C. § 1111's "actual notice requirement" limits the accounting period for recovery of profits and actual damages, the question of whether Defendant had actual notice of Plaintiffs' "CC Design" registrations prior to service of the complaint is one of fact and, therefore, should not be decided on a motion for summary judgment. *See Opp.* 8:18-9:19. To raise a genuine issue of fact on this question, Plaintiff points to the following deposition testimony of Lisa Hsu:

> Q. Have you ever heard of Coach?
> A. Yes.
> Q. Are you familiar with their products and what they look like?
> A. Yes.

*See Opp.* 9:12-13 (citing *Chan Decl.*, Ex. 3 at 22:11-15). Plaintiff also notes that Ms. Hsu testified that Sunglass Experts sells "fashion sunglasses . . . [that] look like high end designer glasses." *See Opp.* 9:9-11 (citing *Chan Decl.*, Ex. 3 at 20:16-24). But while this evidence might support a conclusion that Ms. Hsu had some familiarity with the appearance of Plaintiffs' products prior to service of the complaint, it does not remotely indicate that Ms. Hsu had prior notice of Plaintiffs' "CC Design" registrations, which is what § 1111 requires. *See* 15 U.S.C. § 1111 (providing that ". . . no profits and no damages shall be recovered . . . unless the defendant had actual notice of the *registration*") (emphasis added); *see also GTFM, Inc. v. Solid Clothing, Inc.,* 215 F. Supp. 2d 273, 306 (S.D.N.Y. 2002) (stating that to recover for infringement occurring after date of registration of mark plaintiff must have displayed statutory notice or prove that defendant had "actual notice of that registration"); *Howard Stores Corp.,* 311 F. Supp. at 705. In fact, the only evidence before the Court on this issue indicates that Defendant first received actual notice of Plaintiffs' registration when it received service of Plaintiffs' complaint. The Court, therefore, finds that Plaintiffs have failed to raise a genuine issue of fact regarding when Defendant first received actual notice of Plaintiffs' registration.

Third, Plaintiffs argue that while § 1117(a) may expressly provide that recovery of profits and damages under § 1125(a) is subject to the provisions of § 1111, that cannot mean that actual notice of Plaintiffs' registration is required for their recovery under § 1125(a), since § 1125(a) provides for recovery for infringement of *un*registered marks. *See Opp.* 9:24-10:4, 10:15-19. The Court notes, however, that where a plaintiff, as Coach has here, sues under both 15 U.S.C. § 1114 (for infringement of a registered mark) and § 1125(a) (for infringement of a mark that need not be registered), the plain language of § 1117(a) and § 1111 indicates that a plaintiff must meet

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**#62/90/94**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

§ 1111's "actual notice requirement" to recover profits or damages under § 1125(a). *See* 15 U.S.C. §§ 1111, 1117(a). As *McCarthy on Trademarks* explains

> Since 1989, [§ 1117] statutory damages for a violation of [§ 1125(a)] for infringement of an unregistered mark are "subject to" the provisions of the [§ 1111] requirements of notice. But because the [§ 1111] requirement of notice only applies to registered marks, it is, of course, not a limitation on recovery of damages under a [§ 1125(a)] count for infringement *of an unregistered mark*. The more problematic question is whether a registrant who proves infringement under both [§ 1114(1)] (registered mark) and [§ 1125(a)] (unregistered mark) can avoid the notice limitation imposed by [§ 1111] by claiming all of its damages fall under the [§ 1125(a)] count. A strict reading of the statutory language of [§ 1111] would, in the author's opinion, lead to the conclusion that such a registrant cannot avoid the [§ 1111] damage limitation by using [§ 1125(a)]. Section [§ 1111] does not distinguish between the kind of statutory infringement that a registrant proves. Rather, [§ 1111] simply states that no profits and damages shall be recovered "under the provisions of this Act" unless statutory or actual notice was given.

*McCarthy on Trademarks, supra,* § 19:144 (emphasis added); *see also GTFM,* 215 F. Supp. 2d at 306 (stating that for any infringement occurring before date of mark's registration plaintiff could recover profits and damages under 15 U.S.C. § 1125(a), but for all infringement occurring after date of registration plaintiff had to satisfy notice requirements of § 1111 to recover profits and damages). Here, Plaintiffs are suing on a registered mark under both 15 U.S.C. § 1114 and § 1125(a). Accordingly, the Court agrees with Defendant that Plaintiffs' recovery of profits or damages under § 1125(a) is limited to that period after which Defendant had "actual notice" of Plaintiffs' registration.

Finally, Plaintiffs claim that they are entitled to actual damages suffered from Defendant's promotion and sale of the accused "CC" products based on Plaintiffs' lost profits. *See Opp.* 11:3-12:2. But Plaintiffs have presented no evidence that Defendant made any sales of its "CC" products after receiving actual notice of Plaintiffs' "CC Design" mark registration. Nor have Plaintiffs presented any evidence related to the methods they appear to propose for calculating actual damages, whether based on "the profit per unit Coach would have made had it sold genuine sunglasses" each time Defendant sold one of its "CC" products or Plaintiffs' "royalty rate per license" to use their "CC Design" mark *See id.* at 11:24-12:2. In short, no

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## #62/90/94
## CIVIL MINUTES - GENERAL

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

evidence before this Court indicates that Plaintiffs suffered any actual damages for which they may recover on their Lanham Act claims.

For the foregoing reasons, then, the Court finds Defendant has demonstrated that Plaintiffs are not entitled to recover any damages—whether profits, actual damages, or statutory damages—on their Lanham Act claims.

### 2. Plaintiffs' Remaining Claims

Sunglass Experts argues that Plaintiffs' claim for common law infringement is the only claim for which Plaintiffs may recover compensatory damages, and that Plaintiffs have the same evidentiary burden to prove compensatory damages on that claim as they do under the Lanham Act. *See Motion* 10:3-7 (citing *Rolex Watch, U.S.A., Inc. v. Michel Co.,* 179 F.3d 704, 708 n. 6 (9th Cir. 1999)). Defendant contends that Plaintiffs have submitted no evidence of actual damages, such as for lost profits, and are therefore limited to Defendant's net profits. *See Motion* 10:9. Moreover, any monetary recovery under California's trademark dilution statute would, according to Defendant, overlap with the damages award under common law infringement, and thus would not affect the amount of compensatory damages awarded. *See id.* at 10:10-14 (citing *Rolex Watch,* 179 F.3d at 708 n. 6).

Defendant has presented evidence that it spent $16,725 to purchase the accused "CC" sunglasses from an overseas manufacturer, *see Lisa Hsu Decl.* ¶ 3, and that its gross revenue from sales of those products was $21,908. *See id.* at ¶ 4. Subtracting the former amount from the latter results in a net profit to Defendant of $5,183. *See id.* at ¶ 5. This is the amount Defendant claims Plaintiffs are entitled to recover on their common law infringement and state law dilution claims.

Plaintiffs do not quarrel with Defendant's legal contentions, nor quibble with its figures. Nor will the Court. Accordingly, the Court finds that Defendant has established that there is no genuine issue of material fact with respect to its contention that Plaintiffs are entitled to no more than $5,183 in compensatory damages based on Defendant's sale and promotion of its "CC" products. The Court therefore determines that as a matter of law those compensatory damages are limited to $5,183.

### C. Defendant Mirage's and Defendant David Hsu's Motion for Summary Judgment

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#62/90/94
CIVIL MINUTES - GENERAL

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

Finally, Defendants Mirage and David Hsu seek summary judgment on the issue of their alleged liability in this case. They contend that Plaintiffs have presented no admissible evidence that either Mirage or David Hsu infringed or otherwise violated any of Plaintiffs' trademark rights. *See Motion* 2:7-21. In fact, they contend that they are entitled to attorneys' fees in view of, among other things, what they consider Plaintiffs' "reckless pursuit of groundless claims" against them. *See id.* at 5:15-18. The Court will first address the issue of Mirage's and David Hsu's liability, then their request for attorneys' fees.

1. <u>Mirage's and David Hsu's Liability</u>

In response to Mirage's and David Hsu's contentions regarding liability, Plaintiffs raise four arguments. First, Plaintiffs argue that to prevail on their claims against Mirage, they do not have to prove that Mirage actually sold any infringing goods, only that Mirage used an infringing mark "*in connection with* the sale, offering for sale, distribution, or advertising of any goods or services." *See Opp.* 5:14-18 (emphasis in original) (citing 15 U.S.C. 1114(a)). As evidence of such conduct on the part of Mirage, Plaintiffs point to the article about the 2007 Hong Kong Optical Fair that discussed Mirage's participation in the fair and, alongside that discussion, displayed a photograph of sunglasses bearing Plaintiffs' "CC Design" mark. *See Opp.* 5:25-6:2. Plaintiffs, however, have presented no evidence that Mirage caused that photograph to be displayed with the article or that Mirage promoted or sold any infringing goods at the 2007 Hong Kong Optical Fair. Thus, Plaintiffs' first argument fails.

Second, Plaintiffs argue that Mirage is liable for violations of Plaintiffs' trademark rights because Mirage is, in essence, the same company as Defendant Sunglass Experts, which has admitted liability with respect to some of its products and may yet be found liable for others. In support of this argument, Plaintiffs point to evidence that the two companies share an office, *see Opp.* 2:22-25, are owned and operated by members of the same family,[5] *see Opp. 4:6-13*, and

---

[5] Sunglass Experts was once run by David Hsu and Angel Shen, who were husband and wife. *See Juo Decl.,* Ex. S at 10-11. The two divorced approximately sixteen years ago, at which point David Hsu left Sunglass Experts and started Mirage. *See id.* Lisa Hsu, who is the daughter of David Hsu and Angel Shen, now works for Sunglass Experts, while Tom Hsu, the son of David Hsu and Angel Shen, works for Mirage. *See id.* at 3-5. In September 2007, Mirage began to sublease warehouse and office space from Sunglass Experts. *See Juo Decl.,* Exs. J, S at

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**#62/90/94**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

have at some point used the same federal tax identification number.  *See Opp.* 6:15-23.  But Plaintiffs cite no authority—and the Court is unaware of any—to support their contention that such evidence, by itself, tends to establish that two companies who otherwise maintain separate corporate identities nevertheless share a single identity for purposes of imposing liability for trademark rights violations.

      Moreover, even if there were such authority with respect to sharing a federal tax identification number, the evidence cited by Plaintiffs' Opposition to support Plaintiffs' assertion that Mirage and Sunglass Experts have in fact used the same federal tax identification number would be insufficient to raise a genuine issue of material fact.  That evidence is a single statement in the declaration of Kris Buckner, the president of the company Plaintiffs used to investigate Mirage and Sunglass Experts, to the effect that he "instructed one of [his] investigators to conduct a business search of Mirage Eyewear and Sunglass Experts" and that this investigator discovered that "[b]oth Mirage Eyewear and Sunglass Experts have utilized the same Federal Tax ID Number."  *See Opp.* 3:23-4:5 (citing *Buckner Decl.* ¶ 15).  The Court finds that this statement lacks sufficient foundation and, moreover, is inadmissible hearsay.[6] Furthermore, the statement is contradicted by documentary evidence presented by Defendants

---

5-6.

      [6] The Court observes that on October 22, 2009 Plaintiffs submitted in support of their Opposition a supplemental declaration from Kris Buckner.  Exhibit 1 to that declaration is what Buckner declares to be a true and correct copy of "the search results by address conducted on IRBsearch, a database to which only licensed private investigators have access," and that document does appear to display the same federal employer identification number for both Sunglass Experts and Mirage.  *See Buckner Supp. Decl.*, Ex. 1.  Plaintiffs have not, however, provided sufficient evidentiary foundation for that document, particularly with respect to the nature of the database from which it was purportedly generated.  More importantly, however, the Court notes that under the Local Rules and this Court's Standing Order, Plaintiffs' deadline for filing papers and evidence in support of their Opposition was October 9, 2009—some thirteen days prior to the filing and serving of Buckner's supplemental declaration.  *See* L.R. 7-9; *Standing Order* ¶ 5a.  This is an egregious failure to observe the Court's Local Rules, and it has deprived Defendants of the opportunity to address Plaintiffs' purported evidence in their Reply papers.  Accordingly, the Court exercises its discretion to decline to consider Buckner's supplemental declaration.  *See* L.R. 7-12.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## #62/90/94
## CIVIL MINUTES - GENERAL

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

indicating that the two companies actually have separate federal tax identification numbers. *See Defendants Application To Lodge Documents Under Seal,* Exs. K and L. For these reasons, Plaintiffs' argument that Mirage and Sunglass Experts are essentially the same company is unavailing.

Plaintiffs' third argument is that even if Mirage and Sunglass Experts are not the same company, they "work in conjunction with one another," which Plaintiffs claim makes Mirage contributorily liable for Sunglass Experts' infringement. *See Opp.* 6:6-11. The Court acknowledges that there is some evidence to support Plaintiffs' assertion that Mirage and Sunglass Experts sometimes "work in conjunction with one another." For instance, Plaintiffs have submitted evidence that when one of their investigators placed a telephone call to the number on Sunglass Experts' business card, the person who answered the call stated that the caller had reached Mirage Eyewear. *See Buckner Decl.* ¶ 11. What Plaintiffs have failed to provide, however, is any evidence that Mirage and Sunglass Experts "worked in conjunction with one another" while engaging in conduct that violated Plaintiffs' trademark rights. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,* 494 F.3d 788, 807 (9th Cir. 2007) ("To be liable for contributory trademark infringement, a defendant must have (1) 'intentionally induced' the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied."). Thus, Plaintiffs' third argument also fails.

Fourth, and finally, Plaintiffs argue that David Hsu can be held personally liable for infringing Plaintiffs' trademarks because, as President of Mirage, he exerted supervisory control over Mirage's alleged infringing activity. *See Opp.* 6:24-7:16. As the foregoing discussion makes apparent, however, Plaintiffs have failed to submit admissible evidence showing that Mirage ever engaged in any infringing activity. It follows, then, that David Hsu cannot be held personally liable by virtue of his supervisory control over Mirage.

For the reasons discussed, then, the Court finds that Defendants Mirage and David Hsu are entitled to summary judgment of no liability.

   2. <u>Attorneys' Fees</u>

Defendants also argue that, under both the Lanham Act and 28 U.S.C. § 1927, they are entitled to recover attorneys' fees from Plaintiffs because of what Defendants claim are

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## #62/90/94
## CIVIL MINUTES - GENERAL

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

Plaintiffs' "reckless pursuit of groundless infringement claims" against them, Plaintiffs' attempt to harass David Hsu by naming him personally in the suit, and Plaintiffs' false representations to the Court regarding the relationship between Mirage and Sunglass Experts. *See Reply* 9:14-20. The Court disagrees.

Plaintiffs have presented evidence that they initiated this lawsuit as a result of coming across an article about the 2007 Hong Kong Optical Fair. *See Pyatt Decl.* ¶ 6. That article discussed Mirage's participation in the fair and, alongside that discussion, displayed a photograph of sunglasses bearing Plaintiffs' "CC Design" mark. *See id.*, Ex. 1. Plaintiffs subsequently requested that an investigation be conducted into Mirage. *See id.* at ¶ 7. The results of that investigation indicated, among other things, that Mirage and Sunglass Experts shared a business location, *see Buckner Decl.* ¶¶ 6-7, and at that location Plaintiffs' investigator later purchased several dozen pairs of sunglasses that Plaintiffs determined to be infringing. *See id.* at ¶¶ 12-13; *Pyatt Decl.* ¶ 10. The investigation also indicated that David Hsu was the President of Mirage. *See Buckner Decl.* ¶ 15. During his deposition, moreover, Mr. Hsu testified that his responsibilities as President included purchasing and selling Mirage's products. *See Blakely Decl.*, Ex. 3 (Deposition of David Hsu) at 17:12-18. In light of this evidence, the Court cannot say that Plaintiffs' claims against Mirage and David Hsu were groundless or that Plaintiffs' motive in naming David Hsu was a desire to harass him.

Nor can the Court go so far as to say that Plaintiffs have made misrepresentations regarding the relationship between Mirage and Sunglass Experts. Plaintiffs have made *arguments* regarding that relationship, and the Court has found those arguments unpersuasive. But there is no evidence before the Court that in the course of making their arguments Plaintiffs misrepresented facts that they knew to be false.

Accordingly, the Court denies Defendant Mirage's and Defendant David Hsu's request for attorneys' fees.

    IV.    Conclusion

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Summary Adjudication against Defendant Sunglass Experts with respect to Sunglass Expert's sale and promotion of item numbers A8016CC-AG and A2733CC-AG, but DENIES that Motion with respect to Sunglass Experts' sale and promotion of item numbers A2642CG-AG and A2692CG-

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**#62/90/94**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-35 PSG (PLAx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | Coach, Inc. *et al.* v. Asia Pacific Trading Company, Inc. *et al.* | | |

AG; the Court GRANTS Defendant Sunglass Experts' Motion for Summary Judgment that Plaintiffs are entitled to no more than $5,183 in compensatory damages against Sunglass Experts based on the sale and promotion of item numbers A8016CC-AG and A2733CC-AG; and, finally, the Court GRANTS Defendant Mirage's and Defendant David Hsu's Motion for Summary Judgment on the issue of liability, but DENIES their request for attorneys' fees.

**IT IS SO ORDERED.**