Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

e-filed 01/25/10

*Attorneys for Plaintiffs Coach, Inc.*
*And Coach Services, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation,<br><br>　　　　　　　　Plaintiffs,<br>　　vs.<br>ASIA PACIFIC TRADING COMPANY, INC., a California Corporation; COMECO, LLC, a California Limited Liability Company; MIRAGE EYEWEAR, INC., a California Corporation; DAVID HSU, an individual; SUNGLASS EXPERTS, INC., a California Corporation dba ANGEL EYES; and DOES 1-10, inclusive,<br><br>　　　　　　　　Defendants. | CASE NO. 09-0035 PSG (PLAx)<br><br>[~~PROPOSED~~] **ORDER RE CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION OF DEFENDANT SUNGLASS EXPERTS, INC.** |

　　　　Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively "Plaintiffs" or "Coach") and Defendant Sunglass Experts, Inc. ("Defendant") has entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter.  Defendant, having agreed to consent to the below terms, it is hereby:

　　　　**ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

　　　　1.　　This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Coach is the owner of the trademark "COACH" and U.S. Registration No. 2,832,589 for the Signature "C" logo (hereinafter collectively "Coach Marks").



3. Plaintiffs have alleged that Defendant's purchase and sale of Infringing Products (namely, A8016CC-AG, A2733CC-AG, A2642CG-AG, and A2692CG-AG) which infringe upon the Signature "C" logo constitutes trademark infringement and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, et. seq. and under the common law.

4. Defendant Sunglass Experts and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon the Signature "C" logo, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product bearing the Signature "C" logo, or marks confusingly similar or substantially similar to the Signature "C" logo, and, specifically from:

    (a) Using the Signature "C" logo or any reproduction, counterfeit, copy or colorable imitation of the Signature "C" logo in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of products comprising not the genuine merchandise of Coach, or in any manner likely to cause others to believe that such products are connected with Coach or Coach's genuine merchandise bearing the Signature "C" logo;

    (b) Passing off, inducing or enabling others to sell or pass off any products or other items that are not Coach's genuine merchandise as and for Coach's genuine merchandise;

    (c) Knowingly leasing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale,

importation, exportation, advertisement, promotion, display, shipping, marketing of Infringing Products;

 (d) Committing any other acts calculated to cause purchasers to believe that Defendant's products are Coach's genuine merchandise unless they are such;

 (e) Knowingly shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the Signature "C" logo, or any reproduction, counterfeit, copy or colorable imitation of same; and

 (f) Knowingly assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 4(a) to 4(e) above.

5. Without any admission of liability, the parties have agreed that Defendants shall pay to Plaintiffs an amount in settlement of Plaintiffs' demand for damages, profits, costs, disbursements, and attorneys' fees based upon Defendants' alleged infringing activities. Plaintiffs and Defendants shall bear their own costs associated with this action.

6. The execution of this Final Judgment shall serve to bind and obligate the parties hereto.

7. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice as to Defendant Sunglass Experts, Inc.

ORDER

**IT IS SO ORDERED.**

DATED: January 25, 2010

**PHILIP S. GUTIERREZ**
Hon. Philip S. Gutierrez
**United States District Judge**